Sheldon L. POLLACK, and Max E. Adams

v.

David L. LADD, Commissioner of Patents.

Civ. A. No. 503–63.

United States District Court
District of Columbia.

May 14, 1964.

Ellsworth H. Mosher, Stevens, Davis, Miller & Mosher, Washington, D. C., Elwood S. Kendrick, Kendrick & Stolzy, Los Angeles, Cal., for plaintiffs.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JOSEPH R. JACKSON, District Judge.

This action was brought pursuant to 35 U.S.C. § 145 seeking a judgment authorizing the defendant, Commissioner of Patents, to issue Letters Patent of the United States containing claims 17 and 18 of an application entitled "Reinforced Grouted Masonry Wall and Method of Erecting the Same", Serial No. 825,124, filed July 6, 1959, by Sheldon L. Pollack and Max E. Adams, plaintiffs.

The invention described in the application discloses a method of building a reinforced grouted masonry wall by using a basic unit consisting of two spaced parallel bricks joined by two spaced parallel metal rods having their ends embedded in the bricks. The spaced parallel bricks are used to build the wall by stacking them one upon another on either side of a previously erected vertical reinforcing structure made of steel bars. Thereafter, the space between the walls is filled with grout in a manner which allows it to surround the steel bar structure. Plaintiffs in their application state that when walls were constructed according to the prior art, some building codes prohibited pouring grout to a height of more than one layer of brick at a time. The application states the reason for this prohibition is in instances where there is nothing to hold the bricks together, and the grout level is too high, the grout pressure will tend to push the bricks apart. The plaintiffs' application states with their method it is possible, under building codes, to pour grout to a height of many layers.

Claims 17 and 18 are the sole claims at issue in the case, and they read as follows:

"17. The method of erecting a high strength grout filled metal reinforced brick wall comprising the steps of: erecting vertical metal reinforcement members; placing a plurality of horizontal layers of pairs of bricks on top of one another to provide two parallel vertical brick walls so positioned that said metal reinforcement members are disposed approximately midway between the opposed parallel surfaces of said brick walls, each of said pairs of bricks being held in spaced parallel relationship to each other by metal connecting means, said metal connecting means having a strength greater than that of the material of said bricks, and a cross section small in comparison to the length and height of said bricks; and thereafter filling the space between said walls and surrounding said metal connecting means and said vertical metal reinforcement members with grout thereby forming a unitary mononlithic reinforced wall structure.

"18. A unitary monolithic wall construction comprising: a plurality of vertical metal reinforcement members; two vertical brick walls having opposed parallel surfaces including a plurality of horizontal layers of pairs of bricks located on top of one another and disposed approximately the same distance from and on opposite sides of said reinforcement members, each pair of said parallel bricks having metal connecting means to hold said bricks in spaced parallel relation to each other, said connecting means having a strength greater than that of the material of said bricks and a cross section small in comparison to the length and height of said bricks; and grout located in the space between the opposed parallel surfaces of said walls and surrounding said connecting means and said vertical metal reinforcement members."

The claims were rejected by the Patent Office Board of Appeals as not patentable over a prior art wall disclosed by plaintiffs in their application when taken in view of a patent to Hild, No. 2,250,763, which discloses a wall construction made by using basic two-brick units similar to plaintiffs'. The Board of Appeals on review, and the Patent Office at trial, took the position that it would be obvious to fill the Hild wall with grout, citing

a patent to Simms, No. 1,499,483, and also the prior art disclosure in plaintiffs' application. The Board of Appeals further cited a patent to Betzler, No. 1,892,-605, which describes a hollow wall converted into a solid wall by filling the hollow wall with concrete.

When reviewing the prior art, it is well to begin with plaintiffs' application, which describes known wall construction methods as follows:

> "The other type of reinforced grouted masonry in the prior art is that generally made with conventional clay bricks. In such a wall, the bricks are laid separately on each side of reinforcing steel which is spaced therebetween. The grout is poured between the bricks to embed the reinforcing steel and to fill the space."

The Hild patent No. 2,250,763 discloses plaintiffs' basic unit consisting of a pair of bricks held in spaced relationship by spaced parallel metal connecting rods whose ends are embedded in the bricks. It also shows using that basic unit to build up a hollow wall by stacking the bricks to form two parallel walls with reinforcing steel in the space between them. The reinforcing steel and the inner sides of the two brick walls are coated, the former to prevent corrosion, and the latter for waterproofing.

The Hild patent additionally shows, in another embodiment (p. 2, column 1) the steps of using the two-brick basic unit to build up spaced parallel brick walls three or more courses high on either side of vertical reinforcing rods between and adjacent each of the brick walls, and then filling the hollow space between the walls with grout. Hild does not disclose coating the reinforcing structure or the interior surfaces of the brick walls in this embodiment of his invention.

The Betzler patent No. 1,892,605 describes a wall construction comprised of spaced parallel walls having connecting means which join the walls together, a vertical reinforcing structure made of steel centrally located between the spaced walls, and grout which is poured into the space between the walls after their erection.

The Simms patent No. 1,499,483 discloses erecting a reinforcing framework of vertical and horizontal rods, and then building up two spaced parallel brick walls equidistant from and enclosing the reinforcing framework. The brick walls are assembled from units comprising two spaced parallel bricks, and the hollow spaces between the brick walls are filled with grout.

As previously stated, the question to be decided here is whether it would have been obvious to a person having ordinary skill in the art to modify prior art disclosures in accordance with the teachings of Hild in order to achieve plaintiffs' result at the time the invention was made. 35 U.S.C. § 103.

It is well to note initially that this Court will not overturn decisions by the Patent Office unless there be a "thorough conviction" that the Patent Office erred, or that its decision was "not warranted on the evidence before it." Esso Standard Oil Company v. Sun Oil Company, 47 U.S.App.D.C. 154, 229 F.2d 37, 41–42 (1956).

When viewing the limitations of the claims themselves, it appears that claim 17 does not exclude pouring the grout in increments of small height, and that it neither sets forth horizontal reinforcing members nor excludes them. It is, in fact, readable on a method in which the vertical reinforcing structure is in place before the spaced brick walls are erected and in which horizontal steel, if any, is assembled after the spaced walls have been built.

Claim 18, similarly, does not exclude a wall constructed of only a few layers of bricks.

Both claims 17 and 18, in effect, set forth the vertical reinforcement members as located approximately midway between the two brick wall components of the solid wall. It should be noted, however, that the location of the vertical

reinforcing members is said in the application not to be critical and to be a matter governed by conventional principles of design. The application discloses specifically that in some instances design principles would require the vertical reinforcement members to be located adjacent the inner surface of one of two spaced brick wall components rather than midway between them. The application does not describe the nature of wall loadings or circumstances which would require the vertical reinforcement members to be located at any specific position.

It appears to the Court that each of the claims is directly readable on the grout-filled foundation wall embodiment of Hild. That embodiment shows a monolithic wall construction made up of basic two brick units identical to plaintiffs' which are stacked on either side of vertical reinforcing members. After the bricks are stacked three or more layers high, the space between them is filled with grout.

The plaintiffs object to this interpretation of the Hild reference on the basis that the three layer foundation construction is not really a "wall". The Court does not consider this objection valid for the simple reason that the plaintiffs in no respect limit their claims to a "wall" of more than three layers high. Since no limitation whatever appears in the claims as to the number of layers used, and since Hild expressly calls his foundation a "wall", it seems to the Court that the "solid foundation wall" of the Hild patent is in all essential respects identical to the subject matter of plaintiffs' claims.

Moreover, when reviewing the various references introduced at trial, and the subject matter admitted to be old in plaintiffs' application, it does not appear to the Court that construction of a wall many layers high—although not claimed —would be other than obvious to one skilled in the art. Utilizing spaced two-brick units to build high walls on either side of vertical reinforcement members is clearly shown by Hild, and Hild even states that his foundation wall can be *more* than three layers high. Pouring grout between the sides of spaced brick walls was admitted to be conventional by the plaintiffs in their original disclosure, and was shown conclusively by the secondary references. Since both of these teachings were quite common in the art at the time of the invention, it does not appear to the Court that to combine them would have been more than an obvious expedient within the province of mechanical skill.

The plaintiffs have contended that since the interior of Hild's *hollow* wall embodiment is coated to prevent corrosion, a person skilled in the art would not be taught to fill it with grout. This contention is effectively rebutted by the presence, in the very same disclosure, of a similar but non-coated *solid* wall embodiment which *is* filled with grout. It is further rebutted, of course, by the secondary references which show that to fill spaced brick walls with grout is common in the art.

■ During the proceedings evidence of commercial success was placed before the Court for consideration. Such evidence must be considered immaterial, however, when invention is lacking. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 153, 71 S.Ct. 127, 95 L.Ed. 162 (1950).

■■ After weighing the record in the Patent Office and the testimony presented at trial, it is the opinion of the Court that the evidence, taken as a whole, does not reach the standard of proof sufficient to overcome the presumption of validity attaching to Patent Office adjudications.

The Court, therefore, finds for the defendant, and against the plaintiffs, and hereby dismisses the Complaint.

The above Opinion contains Findings of Fact and Conclusions of Law.